MHW



RECEIVED
LCW

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 18 2008
NOV 18 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America ex rel.
~~David W~~
ANTHONY BROWN, N.04231
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

TERRY L. McCANN, Warden.
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

**(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

08CV6602
JUDGE ANDERSEN
MAGISTRATE JUDGE DENLOW

DOC

NOV 19 2008

Case Number of State Court Conviction:

03CR13659

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: CIRCUIT COURT OF COOK COUNTY
2600 SOUTH California AVENUE, Chicago Illinois 60608

2. Date of judgment of conviction: SePTeMber 16, 2005

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
Residential Burglary (1) COUNT 03CR13659

4. Sentence(s) imposed: 12 Years.

5. What was your plea? (Check one)     (A) Not guilty   (✓)
                                        (B) Guilty       ( )
                                        (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
_____N/A_____

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):    Jury ( )       Judge only (√)

2. Did you testify at trial?    YES (√)     NO    ( )

3. Did you appeal from the conviction or the sentence imposed? YES ( ) NO ( )

   (A) If you appealed, give the

      (1) Name of court: Appellate Court OF Illinois

      (2) Result: Affirmed The Conviction

      (3) Date of ruling: July 27, 2007

      (4) Issues raised: Following counsel's anders withdrawal, Pro se claim OF due Process violation before The grand jury, And ineffectiveness OF Trial And Appellate counsel.

   (B) If you did not appeal, explain briefly why not:

   _____

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (√) NO ( )

   (A) If yes, give the

      (1) Result: Petition For leave To appeal denied.

      (2) Date of ruling: 1\30\2008

      (3) Issues raised: My grand jury indictment Was based on knowingly Perjured Testimony Fabricated evidence And Prosecutorial misconduct before The grand jury.

   (B) If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes (√) No ( )

   If yes, give (A) date of petition: 3\18\2008 (B) date *certiorari* was denied: 6\27\2008

2                         Revised: 7/20/05

**PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (√)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: CIRCUIT COURT OF COOK COUNTY.

   B. Date of filing: July 16, 2008

   C. Issues raised: Knowingly fabricated evidence was used to obtain my indictment and trial and appellate Counsel was ineffective for failing to raise the issue.

   D. Did you receive an evidentiary hearing on your petition?   YES ( )   NO (√)

   E. What was the court's ruling? Denied the petition.

   F. Date of court's ruling: July 22, 2008

   G. Did you appeal from the ruling on your petition?   YES (√)   NO ( )

   H. (a)   If yes, (1) what was the result? None

           (2) date of decision: _____

   (b)   If no, explain briefly why not: My notice of appeal was not timely processed.

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (√)   NO ( )

   (a)   If yes, (1) what was the result? _____

           (2) date of decision: _____

   (b)   If no, explain briefly why not: Following the July 22, denial of my post conviction petition I filed a timely notice of appeal on August 4, 2008 after denying receiving said notice of appeal the clerk of the appellate court stated the appeal was docketed 10/27/2008 and it was incumbent on me to arrange with the court reporters to produce the common law record. All previous requests denied. I will be paroled 11/28/2008.

3

Revised: 7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES ( )    NO (✓)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.    Nature of proceeding          N\A

        2.    Date petition filed           N\A

        3.    Ruling on the petition          N\A

        4.    Date of ruling           N\A

        5.    If you appealed, what was the ruling on appeal?          N\A

        6.    Date of ruling on appeal          N\A

        7.    If there was a further appeal, what was the ruling ?          N\A

        8.    Date of ruling on appeal          N\A

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES ( )    NO (✓)

    A. If yes, give name of court, case title and case number: N\A

    B. Did the court rule on your petition?  If so, state

        (1)  Ruling:        N\A

        (2)  Date:        N\A

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?    YES ( )    NO (✓)

    If yes, explain:

4

Revised:  7/20/05

## PART III – PETITIONER'S CLAIMS

1.   State briefly every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  You may attach additional pages stating additional grounds and supporting facts.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)  Ground one The indictment violated my 14 Amendment rights.
Supporting facts (tell your story briefly without citing cases or law):

An officer of the Chicago Police Department fabricated a report stating a female Myra Franco observed me commit a burglary, that she called the police and when they arrived she identified me as the perpetrator. An indictment was returned based solely on this evidence. No other witness' observations were presented to the grand jury to secure my indictment, but Myra Francos. Myra Franco testified at trial she could not identify the man she saw, she did not call the police, and she never identified anyone when they arrived

(B)  Ground two I received ineffective assistance of counsel.
Supporting facts:

Trial counsel received discovery material from the state including the grand jury transcript, yet failed to object at the conclusion of Myra Franco's trial testimony, which impeached the entire grand jury indictment. The grand jury clearly would not have returned an indictment forcing me to stand trial, had Ms Franco been called to testify before the grand jury. The grand jury evidence was fabricated, the testimony was perjurious, and elicited there advanced due to prosecutorial misconduct. I suffered substantial prejudice, by trial counsel's failure to object to my indictment.

Revised: 7/20/05

(C) Ground three I received ineffective assistance of appellate counsel.
Supporting facts:

I requested appellate counsel present the issue of denial of my due process rights before the grand jury as my indictment was obtained due to deliberately fabricated evidence, perjured testimony and prosecutorial misconduct before the grand jury. I received several letters from counsel stating she never received any common law record including any grand jury minutes that she asked trial counsel to send her a copy but she was in the process of filing an Anders brief to withdraw cause she did not think an issue of merit would be in the grand jury transcript.

(D) Ground four The reviewing court's erred in denying relief.
Supporting facts:

The Illinois appellate court in affirming my conviction accepted counsel's subjective opinion that it was "highly unlikely that an issue will appear on the face of the grand jury transcript." Supreme court Rule 608. required counsel to obtain the record of proceedings including the common law record to pursue an effective appeal. After repeated denials of my pro se request for redacted copies of the police reports and grand jury minutes, the trial court denied my post conviction without a hearing or appointing counsel.

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

    YES ( )  NO (✓)

3. If you answered **"NO"** to question (2), state <u>briefly</u> what grounds were not so presented and why not:

The Judge's post conviction ruling. All my efforts to pursue an appeal from the denial of the post petition were not timely processed.

6

Revised: 7/20/05

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing    Indictment Obtained by grand jury

(B) At arraignment and plea    Unknown

(C) At trial    Stephen Wham Cary,

(D) At sentencing    Stephen Wham Cary,

(E) On appeal    Adrienne River

(F) In any post-conviction proceeding    No Counsel Appointed,

(G) Other (state): _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )  NO (✓)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

    WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____        _____
            (Date)                Signature of attorney (if any)

                                  **I declare under penalty of perjury that the foregoing is true and correct.**

                                  Anthony Brown
                                  (Signature of petitioner)

                                  N. D 4231
                                  (I.D. Number)

                                  P.O. Box 112 Joliet Illinois 60434
                                  (Address)

7                                                    Revised: 7/20/05

## ADDITIONAL GROUNDS AND SUPPORTING FACTS

The denial of due process before the grand jury and prosecutorial misconduct is clear and unequivocal able to be ascertained with certainty yet no court has obtained the grand jury minutes to make a factual determination as to whether my claim is meritorious.

Trial and appellate counsel refused my request that the grand jury due process violation be introduced in a post trial motion or in my issues presented to the appellate court for review.

Exhibit "D" Rules governing appeals reflects the requirements of supreme court rule 608. The resources required to pursue an effective appeal.

Counsel repeatedly states in exhibit "B" – "B" 6 that she did not receive any common law record but was in the process of filing an Anders brief where she told the court in her opinion it was "highly unlikely that an issue will appear on the face of the grand jury transcript."

This argument is contradicted by the disposition from the circuit court clerk of cook county exhibit "E" stating the common law records were prepared 11/29/2005, and received by appellate counsel 12/08/2005.

The appellate court's rejection of this issue was based on conjecture, without the grand jury transcript a factual determination cannot be made as to whether a due process violation or prosecutorial misconduct occurred during my indictment before the grand jury.

In my pro se capacity I sought a copy of the grand jury to present to the court in a motion to oppose counsel's refusal to brief this meritorious issue but my requests to trial judge James B. Linn was denied. 2/14/2007, 4/25/2007, and 3/11/2008, as stated on exhibit "F" 1-2.

I explained to judge Linn in my post conviction petition that 14, and 6, amendment violations can be substantiated but I required appointment of counsel who would obtain the evidence in the grand jury transcripts he instead did not appoint counse to review my post conviction petition exhibit "A" but denied it without an evidentiary hearing

The Post Conviction Act requires me to present the gist of a meritorious Constitutional violation.

The repeated refusal of trial Judge, The Honorable James B. Linn to grant my requests for the grand jury minutes deprived me the opportunity to prove to the court that the evidence presented to the grand jury to obtain my indictment was a total fabrication.

That the state's attorney deliberately misled the grand jury by using knowingly perjured testimony to obtain my indictment.

Trial and appellate counsel were ineffective for failing to present this meritorious for review.

Following the Judges denial of my petition the clerk of the appellate court after denying receiving my notice of appeal of the decision for three months notifies me they received the notice that I have no attorney and it is my responsibility to obtain the transcripts and common law record for appellate review.

The Judge has made it clear he will not grant my requests for court documents.

This cause has been to the United States Supreme Court I therefore request this Honorable court obtain the grand jury transcript and compare it to the trial testimony of Myra Franco exhibit A-1 which will prove the fraud used by the state to obtain my indictment and thereby reversing my conviction. When the due process violations are established.

Wherefore defendant prays this Honorable court grants relief.

I declare under penalty of perjury that the foregoing is true and correct.

Anthony Brown
ANTHONY BROWN.
N. 04231
P.O. Box 112
Joliet IL
60434.

# COVER SHEET

EXHIBIT "A" POST CONVICTION PETITION

EXHIBIT "A-1" MYRA FRANCO'S TRIAL TESTIMONY

EXHIBIT "B" Allegations by Appellate Counsel She Never Received any Common Law Records

EXHIBIT "C" Response To Counsel's Anders Motion.

"C-1" Pro Se Motion Objecting To The Anders Motion Filed by Appellate Counsel.

"C-2" Order Of Affirmance by the Appellate Court Of Illinois First Judicial District

"C-3" Denial Of Leave To Appeal by The Illinois Supreme Court.

EXHIBIT "D"   Rules Governing Appeals From Appellate Defender's Office.

EXHIBIT "E"   Disposition From Circuit Court Clerk Verifying Receipt Of The Common Law Record by Appellate Counsel.

EXHIBIT "F"   Repeated denials by Trial Judge Linn For Redacted Copies Of My Grand Jury Minutes and Police Reports.

EXHIBIT "G"   Disposition Concerning Judge Linn's denial Of My Post Conviction Petition Without An evidentiary hearing or Appointment Of Counsel.

EXHIBIT "A"

PEOPLE OF THE STATE OF ILLINOIS )
)
   vs        )  IND. NO.: 03CR13659
ANTHONY BROWN )

F I L E D
JUL 14 2008
CLERK OF THE CIRCUIT COURT
OF COOK

## PRO SE POST-CONVICTION PETITION

Now comes ANTHONY BROWN, Defendant, pro se, and petitions this Honorable Court to grant him relief under the post-conviction act. [725 ILCS 5/122-1. 1992]

In support of this petition, Defendant states:

1. He/She was convicted of the offense(s) of R&S burglary after a jury trial, bench trial or entered a guilty plea before the Honorable JAMES B LINN and was sentenced to 12 years on OCTober 18th, 2005
2. He/She did not appeal his/her conviction or he/she appealed his/her conviction to the Appellate Court of Illinois and that Court affirmed his/her conviction on July 27th 2007 (APPELLATE NO. 1-05-3805 ).
3. He/She did not petition the Supreme Court of Illinois to take his/her case or his/her petition for leave to appeal was denied on January 30,2008 (SUPREME COURT NO 105586 )
4. This petition was mailed to the clerk of the circuit court within the time frame enumerated under 725 ILCS 5/122-1.
5. Petitioner's constitutional rights were violated because (STATE ALL FACTS KNOWN TO PETITIONER THAT DEMONSTRATE THAT HIS/HER CONSTITUTIONAL RIGHTS WERE VIOLATED):

Knowingly Fabricated evidence was presented To The grand jury To obtain my indictment in violation of my 14th Amendment Due Process rights I was denied effective assistance of counsel when Trial counsel failed To object To my indictment which was procured with falsified evidence and by Appellate counsel who failed To present This meritorious issue To The Appellate court for review They both violated my 6th Amendment right To effective Assistance Defendant, pro se, states, under penalty of perjury, that the facts set out in this petition are true and correct to the best of his/her knowledge and belief.

SIGNED: _Anthony Brown_

SUBSCRIBED AND SWORN TO BEFORE THIS THIS 27 DAY OF JUNE A.D., 2008

_Chalene Whitley_
NOTARY PUBLIC

OFFICIAL SEAL
CHALENE A WHITLEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/03/09

Revised Jan 2002

IN THE
CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS,
    RESPONDENT,

     -VS-

ANTHONY BROWN
    PETITIONER,

CIRCUIT COURT NO. 03CR13551

HONORABLE
JAMES B. LINN
JUDGE PRESIDING

## AFFIDAVIT AND EXHIBITS IN SUPPORT OF PETITION

NOW COMES PETITIONER ANTHONY BROWN PRO SE AND MOVES THIS HONORABLE COURT TO GRANT THIS PETITION AND IN SUPPORT HEREOF I STATE AS FOLLOWS:

(I)

MY DUE PROCESS RIGHTS UNDER THE 14TH AMENDMENT WERE VIOLATED WHEN I HAD TO STAND TRIAL ON AN INDICTMENT WHICH THE GOVERNMENT KNEW WAS BASED COMPLETELY ON PERJURED TESTIMONY.

PETITIONER NOW PRESENTS EXHIBIT "A" TO THE COURT IN SUPPORT OF THIS DECLARATION. MYRA FRANCO'S TRIAL TESTIMONY. THE STATE PRESENTED THE FOLLOWING KNOWINGLY PERJURED TESTIMONY TO THE GRAND JURY TO OBTAIN MY INDICTMENT THAT MYRA FRANCO OBSERVED ME ENTER THE VICTIM'S DWELLING, THAT SHE THEN CALLED 911, AND WHEN THE POLICE ARRIVED SHE CAME DOWNSTAIRS AND IDENTIFIED ME TO THE POLICE AS THE MAN SHE OBSERVED COMMIT A BURGLARY. THE GRAND JURY RETURNED A TRUE BILL BASED SOLELY ON THIS TESTIMONY.

UNDER OATH AT TRIAL MS. MYRA TESTIFIED THROUGH AN INTERPRETE WHILE BABY SITTING HER SON ON JUNE 9TH, 2003, SHE SAW A MAN ENTER HER NEIGHBOR'S WINDOW, THAT SHE DIDN'T SEE HIS FACE SHE ONLY SAW HIM FROM THE REAR, FF-24 LINES 12-13.

SHE DID NOT CALL THE POLICE, FF-23 LINES 1-2. SHE COULD NOT DESCRIBE THE PERSON THEY HAD IN THE BACK OF THE VEHICLE FF-18 LINES 10-15.

SHE DOES NOT REMEMBER WHAT KIND OF CLOTHING THAT INDIVIDUAL WAS WEARING FF-21 LINES 3-5.

The Prosecutor who initiates and prepares criminal cases presented to grand jury, and who is present which grand jury hears testimony, heads testimony and calls and questions the witnesses, and draws the indictment has duty, not to permit, a person to stand trial when she knows that perjury permeates the indictment. U.S.C.A. Const Amend, 5.

When sworn testimony turns out to be fabricated factually false, and deliberately presented to the grand jury, the proceedings are irrevocably compromise and a defendants due process rights are violated. Law enforcement officials deliberately falsified reports, which the state presented to the grand jury as evidence, to obtain my indictment.

I am unable to prove to the court that my claims in this petition are factual, because all my requests for the grand jury minutes, and police reports, have been denied, and trial and appellate counsel conspired to suppress this meritorious issue along with the state. (3)

Trial counsel wham Cary received discovery material from the state which included police reports, and the grand jury minutes, yet failed to object after myra francos trial testimony exposed the grand jury indictment, to be completely fabricated and perjurious.

Counsel was ineffective and I was prejudiced thereby Strickland V. Washington, 104 S. CT. AT 2052. Appellate Counsel Adrienne River was ineffective for failing to, by her own admission, obtain any common law records to present this meritorious claim to the appellate court for review, and I suffered prejudice as a result. People V. West, 187 Ill.2d At 435, 241 Ill. Dec. 535, 719 N.E.2d 664.

She placed the burden on this petitioner, and trial counsel to provide her with a copy of the grand jury minutes. See Exhibit "B" 1-5.

Appellate Counsel Adrienne River Further demonstrates her ineffectiveness, when having failed to comply with Supreme Court Rule 608. Which requires Appellate Counsel to obtain the Record on appeal, consisting of trial transcripts, motions, orders, grand jury minutes, post trial motions police reports etc. To pursue an effective appeal, consistent with the requirements of the 6th Amendment, Counsel instead offers her subjective opinion to the Appellate court, which erred in accepting her opinion see exhibit "C" order of Affirmance.

Page two "Counsel found it highly unlikely that an issue will appear on the face of the grand jury transcript" The court then proceeded to accept Counsel's Anders's motion to withdraw.

Counsel failed to comply with the regulations of her own office, see exhibit "D" Notice of Appeal from the office of the Appellate defender.

Record on Appeal consists of, the report of proceedings (transcript) and the common law record. The common law record contains all the documents filed in the case, e.g. indictment, motions orders, etc.

An appeal is based on the record.

Only issues which appear in the report of proceedings or common law record, may be raised in the brief filed by the appellant's attorney.

Clearly Appellate Counsel Adrienne River could not be an effective Appellate advocate for this petitioner, as required under the 6th Amendment, having failed to obtain the resources necessary to pursue an effective appeal, which claim contradicts the certified statement of conviction/disposition from the Clerk of the Circuit court of Cook County exhibit "E" that on 11/29/05, common law record was prepared (page 8) and received by Appellate Counsel 12/8/05 (page 9)

MY POST CONVICTION PETITION IS SIMPLE, KNOWINGLY PERJURED TESTIMONY WAS PRESENTED TO THE GRAND JURY WHICH RESULTED IN MY BEING INDICTED ON CASE No. 03CR13689.

SAID INDICTMENT WAS THEREFORE OBTAINED IN VIOLATION OF MY 14TH AMENDMENT, DUE PROCESS RIGHTS TO THE UNITED STATES CONSTITUTION.

I URGE THIS HONORABLE COURT TO OBTAIN A COPY OF THE GRAND JURY MINUTES AND COMPARE IT TO EXHIBIT "A" TO SUBSTANTIATE THIS 14TH AMENDMENT DUE PROCESS VIOLATION. SEE UNITED STATES V. BASURTO 497 F2d 781 PEOPLE V. ESTEPA 471 F2d 1132, MOONEY V. Holohan 294 U.S. 103, 55 S.CT. 340, 79 L.Ed. 791 (1935); Giles V. Maryland 386 U.S. 66, 87 S CT 793. 17 L Ed. 2 d 737 (1967); Napue V Illinois 360 US 264, 79 S CT. 1173, 3 L Ed. 2d 1217 (1959 ALCORTA V TEXAS, 355 US 28, 78 SCT. 103. 2 L Ed. 2d 9 (1957 Mysler V. Florida, 315 US 411, 62 S CT 688, 86 L Ed. 392 1942) Pyle V. KANSAS. 317 US 213, 63 S.CT. 177, 87 LEd. 214 (1942

THE CONSEQUENCES TO THE DEFENDANT OF PERJURED TESTIMONY GIVEN BEFORE THE GRAND JURY ARE NO LESS SEVERE, THAN THOSE OF PERJURED TESTIMONY GIVEN AT TRIAL AND IN FACT MAY BE MORE SEVERE, THE DEFENDANT HAS NO EFFECTIVE MEANS OF CROSS EXAMINING OR REBUTTING PERJURED TESTIMONY GIVEN BEFORE THE GRAND JURY (BASURTO SUPRA) TRIAL AND APPELLATE COUNSEL CONSPIRED TO VIOLATE MY 14TH AMENDMENT DUE PROCESS RIGHTS.

(6)

TRIAL COUNSEL WHOM CARY FAILED TO OBJECT TO THE KNOWINGLY FABRICATED EVIDENCE USED TO OBTAIN MY INDICTMENT; HE WAS THEREFORE INEFFECTIVE FOR FAILING TO DO SO, OR TO IMPEACH THE TRIAL TESTIMONY OF THE POLICE OFFICER THAT DELIBERATELY FALSIFIED THE REPORT, AND UNDER OATH COMMITTED PERJURY BEFORE THE GRAND JURY. I THEREFORE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

IN STRICKLAND V. WASHINGTON, 466 U.S.668, 104 S.CT 2052 80 L.E.D. 2d 674 (1984) The SUPREME COURT STATED That The bench mark For Judging any claim OF ineffectiveness MUST be whether Counsel's conduct So undermined the Proper FUNCTIONING OF The adversarial PROcess, That The Trial CANNOT be relied on as having Produced a JUST result.

Appellate Counsel Adrienne River was likewise ineffective For Failing To present This meritorious issue To The Appellate Court For review.

The Appellate Court erred in accepting MS. River's Subjective opinion She, Found it "highly unlikely That an issue Will Appear on The Face OF The Grand Jury Transcript."

Appellate Counsel Adrienne River IS Completely Wrong I. Was allowed To read The Grand Jury Minutes by Public defender PRESTON JONES JR. Prior To Retaining MR. Caps The Grand Jury Minutes States Myra Franco Observed Me enter a window To commit a burglary, That She Called 911, and when The police, arrived She identified Me As The man She saw enter The Victims dwelling. My indictment was obtained due To This Perjured Testimony (See exhibit "A" MS. Myra's Trial Testimony. Appellate Counsel Adrienne River Suppressed The Grand Jury Minutes (See exhibit "E" The clerk's disposition Sheet STATING The Common law Record was Prepared 11/29/05, and delivered To Appellate Counsel 12/08/05, Nowhere does it State in The rules OF Procedures governing appeals (See exhibit "D") That a meritorious issue Will not be presented To The Appellate Court For review, unless Trial Counsel Provides The Necessary legal documents To Appellate Counsel (See exhibit "B") Counsel's STATEMENT She did not receive The Grand Jury Minutes From Trial Counsel To determine if issue had meri

Counsel's Performance was so deficient That Counsel
Counsel was not Functioning as Counsel guaranteed To This
defendant by The 6th Amendment. Counsel's Failure To
obtain The common law Record To Present This
meritorious issue To The Appellate Court For review,
so Prejudiced my appeal as To Produce an unreliable
decision.

An indictment obtained by The introduction of False and
Misleading Testimony, is a violation of The 14th Amendment
and undermines The integrity of The Judicial Process.
The Court's of Illinois has held That, The grand jury
is an integral part of The Trial Court, and That The
Court in its inherent Supervisory Power Over The grand
Jury, has jurisdiction To order and examine Transcripts
of grand Jury Proceedings, To determine if There has
been Prosecutorial Misconduct, People V.Sears 276 N.E.2d
322. Hughes V.Kiley 367 N.E.2d 700 People V.Linzy 398 N.E.2d 1

Based on Myra Francos Trial Testimony exhibit "A"
Where under oath she Testified she could not identify
The man she saw as his back was Turned To her, she
did not know what Kind of Clothing he wore, That
She did not Call The Police, neither did she identify
Anyone To The Police When They arrived, yet The
Fore going was Fabricated To reflect The Opposite and
Obtain my indictment.

Had Ms. Franco been called To appear before The grand
Jury based on her Trial Testimony exhibit "A",
She would not have Provided any evidence For a
True bill determination.

Due Process is Violated when a defendant must stand
Trial on an indictment Which The Government
knows is based on material Perjured Testimony.
People V. Basurto, 471 F.2d 1132. People V. J.H.554 N.E.2d 961
Intentionally, Misleads The grand Jury To The Prejudice
of The defendant. Bank of Nova Scotia V. United States
108 S.CT. 2369-2377

Per: Supreme Court Rule 602 Appellate Counsel Adrienne River had the obligation to provide not only this appellant, but also the Appellate Court, with the required documents filed in the case i.e. Record on Appeal, Motions, Orders, Warrants, Police reports, Indictment, Post Trial Motion etc. The failure of Appellat Counsel Adrienne River to obtain any common law Record prior to filing her Anders brief to withdraw precluded consideration of any meritorious issues contained therein, and the result was, her presenting her subjective opinion to the court concerning the content of the grand jury minutes, which the Appellate court erred in accepting, instead of requiring counsel to obtain the common law record and make a factual determination, whether or not an issue is meritorious, written post trial motion, preserves issues. Factual determinations cannot be made from an incomplet record on appeal. Counsel's failure to obtain the common law record to present the meritorious issue of prosecutorial misconduct before the grand jury was objectively unreasonable and I suffered substantial prejudice as a result. Strickland supra.
People v. Coleman 794 N.E 2d 275 People v. West, 187 Ill2d 418, 435, 241 Ill. Dec. 535, 719 N.E2d 664 (1999)

(10)

To establish due process violation in States use of perjused testimony, prosecutor actually trying case need not have known that testimony was false, but rather, knowledge on part of any representative or agent of prosecution is enough. Napue 79 S CT 1173
A Chicago police officer deliberately fabricated a written report concerning Ms. Franco, this perjured document was then presented to the grand jury to obtain my indictment.
Absolutely no other witness' observations but Myra Francos was presented to the grand jury.
Myra Franco's trial testimony totally impeached the grand jury evidence, therefore, the State knowingly used false testimony in my prosecution.

Under, 725 I.L.C.S. 5\32-2 a person commits perjury when under oath or affirmation in a proceeding, or in any other matter, where by law he or she makes a false statement, material to the issue or point in question, which he she does not believe to be true. Perjury is a class 3 felony.

Essential element of the crime of perjury, is that the statement be factually false, and not merely erroneous and illogical conclusions.

The grand jury deliberations and subsequent indictment was based on fabricated evidence and perjured testimony which was readily apparent to states attorney at trial, Margaret Osacek, and trial counsel Wham Cary, both of whom had a copy of the grand jury minutes which stated, Franco Mayra witnessed me commit a burglary, that she then called the police, and upon their arrival she identified me as the offender.

A/S/A Osacek had an obligation consistent with the professional rules of conduct. Rule 3.8 (A) "A public prosecutor or other government lawyer, shall not institute, or cause to be instituted, criminal charges when such prosecutor or lawyer, knows, or reasonably should know that the charges are not supported by probable cause."
"Makes a statement of material fact or law to a tribunal which the lawyer knows or reasonably should know is false."

If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

A/S/A Osacek failed to remedy the knowing use of perjury to obtain an indictment, in violation of my 14th amendment due process rights. And trial counsel Wham Cary's failure to object, as well as appellate counsel River's failure to seek review of this meritorious issue, was ineffectiveness of trial and appellate counsel.

I am unable to satisfy the requirements of section 122-i of the act which requires the records be attached to this petition 725 I.L.C.S. 5\122-2 (West 1998) which would substantiate this petition as all requests for charging instruments have been denied.
(see exhibit "F.")

That knowingly perjured testimony was used to obtain my indictment cannot be rebutted by the state. This indictment obtained in violation of my 14th Amendment due process rights goes to the gist of a constitutional claim, People V. Boclair 789 N.E. 2d 734. Quoting People V. Gaultney 675 N.E. 2d 102. Also see People V. Edwards 757 N.E. 2d 442, and People V. Edwards, 757 N.E. 2d 442 and People V. Robinson 838 N.E. 2d 930 (2005) People V. Seaberg 635 N.E. 2d 126 (1994) where falsity of prosecution evidence lies in testimony of law enforcement officer, defendant is denied due process, since prosecution is charged with knowledge of its agents, including police. People V. Martin 264 NE 2d 14 Quoting Imbler V. Grauel, 296 F. Supp. 795. And Curran V. Delaware. 259 F 2d 707 (1959) People V. McKinney 201 N.E. 2d 431 And People V. Lueck 182 N.E. 2d 733.

The state has an obligation to correct false testimony People V. Bscobedo 677 N.E. 2d 875 (1997)

For the knowing use of perjured testimony to obtain an indictment in violation of my 14th Amendment rights, the failure of trial counsel to object, or appellate counsel to obtain the common law record, and present this meritorious issue to the reviewing court, I received ineffective assistance of trial and appellate counsel. Petitioner has raised constitutional claims which are cognizable under the Act.

Conclusion

Wherefore for the matters stated herein, petitioner moves this Honorable court to grant this motion, appoint counsel and allow this petition to proceed further on the merits.

Respectfully Submitted

Anthony Brown

ANTHONY BROWN

Exhibit "A" 1

1          I N D E X

2

          Date:  September 7, 2005
3          Pages:  FF-1 to FF-28

4

5

6

7

8
                    Commenced and Cont'd. To 9-14-05
9

10

11

12

13                      (

14
     WITNESS                    DX    CX   RDX    RCX   FD   FC
15   FRANCISCO RUEDA             4    11
     MYRA FRANCO                 15   19    26
16

17

18

19

20

21

22

•23

24

1      ASA OGAREK:  No.

2      THE COURT:  Thank you, you're all done.  Pass

3   this case for a minute.  Bring out Santiago Torres.

4           (Case passed)

5      THE CLERK:  Anthony Brown.

6      THE INTERPRETER:  Lee Diaz.

7           (Interpreter sworn)

8      THE INTERPRETER:  I do, judge.

9      ASA OGAREK:  State calls Myra Franco.

10          (Witness sworn)

11              MYRA FRANCO,

12  called as a witness herein, having been first duly

13  sworn, was examined upon oral interrogatories and

14  testified as follows:

15              DIRECT EXAMINATION

16              By Ms. Ogarek:

17     Q.  Please state your full name for the record.

18     A.  Myra Franco.

19     Q.  Miss Franco, do you live here in Chicago?

20     A.  Yes.

21     Q.  Draw your attention to June 9th, 2003.  About

22  2:00 o'clock in the afternoon.

23              Were you living in Chicago at that time?

24     A.  Yes.

FF-15

1     Q.   Where were you living at that time?  Back

2  then where were you living?

3     A.   636 West Pratt.

4     Q.   What floor were you living on?

5     A.   Fourth.

6     Q.   Is that a four-story building?

7     A.   Yes.

8     Q.   At that time were you home at about 2:00

9  o'clock in afternoon on June 9, 2003, were you home

10  with your family?

11     A.   Yes.

12     Q.   What were you doing at about that time?

13     A.   I was with my son.

14     Q.   Were you inside your home?

15     A.   Inside.

16     Q.   What happened at about 2:00 o'clock in the

17  afternoon when you were inside your home?

18     A.   I saw some children through my window on the

19  other side.

20     Q.   Did you know who those children were?

21     A.   Yes.  I knew them from the front.

22     Q.   Were they neighbors of yours?

23     A.   Yes.

24     Q.   What did you see these children doing?

1    A.   The children were looking downstairs, a floor
2  downstairs.

3    Q.   Did you then look a floor downstairs?

4    A.   Yes.

5    Q.   Incidentally, when you look out your window
6  what can you see across?

7    A.   I saw a man lifting a window and climbing
8  inside.

9    Q.   About how far away was that window or that
10  building from your building?

11    A.   It's a very short distance.  Between the two.

12    Q.   Was there anything in the way of your view or
13  could you see that person clearly and what they were
14  doing?

15    A.   I could see clearly.

16    Q.   What is it you saw that person do?

17    A.   I just saw him go inside.

18    Q.   When you say he went inside, he went inside
19  through the window?

20    A.   Yes.

21    Q.   That wasn't your window, was it?

22    A.   No.

23    Q.   Was that a neighbor's window?

24    A.   Yes.

1     Q.  Did you see that person come back outside?

2     A.  No.

3     Q.  After you saw that happen, what did you do?

4     A.  I went inside my apartment.

5     Q.  Did you later see police arrive?

6     A.  Yes.

7     Q.  When the police came back, did you go outside

8 and talk to the police?

9     A.  Yes.

10    Q.  At that time, did you see if they had anybody

11 in one of the police vehicles?

12    A.  Yes.

13    Q.  Can you describe the person that they had in

14 the back of that vehicle?

15    A.  No.

16    Q.  Do you know if it was male or female?

17    A.  It was a man.

18    Q.  Do you know if that person was Hispanic,

19 black, white, Asian, Indian, do you know?

20    A.  Black.

21    Q.  Show you People's Exhibit No. 1 for

22 identification.  That's a photograph, correct?

23    A.  Yes.

24    Q.  What is that a picture of?

1      A.    That's the window where he was.

2      Q.    When you say the window where he was, who are

3   you talking about?

4      A.    The person I saw going inside.

5      Q.    Showing you People's Exhibit No. 2 for

6   identification.

7            Is that a close-up of People's No. 1?

8      A.    That's the window.

9      Q.    Both of these pictures, do they truly and

10   accurately show the way the window looked after the guy

11   went inside?

12     A.    What do you mean?

13     Q.    Do these pictures show the way the window

14   looked and the stuff around the window after he went

15   inside that window?

16     A.    Yes.

17           ASA OGAREK:  Nothing further.

18           THE COURT:  Cross.

19                    CROSS EXAMINATION

20                    by Mr. Carey:

21     Q.    Miss Franco, what brought your attention to

22   look out the window of your apartment on the fourth

23   floor that day about 2:00 o'clock?

24     A.    I would always be by the window with my son

1    because he's a small, he's young, and we would sit by

2    the window and look out the window so that he could see

3    the children outside from my house.

4        Q.   How old is your son?

5        A.   At that time he was three.

6        Q.   Looking out this window you're able to view

7    the window in question that we are here today from, how

8    far away would you say in feet is that from your

9    window?

10       A.   It's about where you are, the distance of

11   where you're standing.

12       Q.   Approximately 20 feet?

13       A.   Yes.

14       Q.   The window the individual was crawling

15   inside, that was on the first floor, is that correct?

16       A.   I was on the fourth floor and I was looking

17   down.

18       Q.   So the window that someone was crawling into

19   was on the first floor, is that correct?

20       A.   I'm not sure if it's the first or second

21   floor.  I think it's the second floor.

22       Q.   So when looking down, were you able to see

23   the person crawling in the window directly beneath you

24   or was it across the way?

1      A.   It was below me but you could see it very
2    well.

3      Q.   Do you remember what kind of clothing that
4    individual was wearing?

5      A.   No, I don't remember.

6      Q.   From seeing that person going into the
7    window, were you able to delineate an ethenticity?

8            THE INTERPRETER:  What, I'm sorry?

9            THE COURT:  Ethnicity you mean?

10           MR. CAREY:  Yes.

11           THE WITNESS:  A   Yes.

12           MR. CAREY:  Q   What was that?

13     A.   You mean his color?

14     Q.   Yes.

15     A.   He was black.

16     Q.   About how long after in time did you --
17   strike that.

18            After seeing the person going into the
19   house, how long was it before the, before you saw
20   police cars arrive?

21     A.   They came very quickly because the children
22   were upstairs and I saw that they called the police.

23     Q.   Were you present when the children made the
24   phone call to the police?

FF-21

1      A.    I saw when they called.

2      Q.    How far away from the children were you when

3    you saw them calling the police on the telephone?

4      A.    The children were right in front of me, in

5    front of my window.

6      Q.    So were the children on a house phone or

7    cell. phone?

8      A.    It was a regular phone.

9      Q.    You could see into the apartment where the

10   children were using the phone?

11     A.    No, the children were outside.  They called

12   from the stairwell.

13     Q.    How far away were you from the stairwell and

14   the phone inside that stairwell?

15     A.    It's the same distance where the children

16   were.  Right nearby.

17     Q.    Could you overhear the conversation the

18   children were having on the phone?

19     A.    I couldn't understand the conversation

20   because they were speaking English to the police.

21     Q.    Is there any reason you did not call the

22   police?

23            ASA OGAREK:  Objection, relevance.

24            THE COURT:  Overruled.

1          THE WITNESS:  A   I didn't have any way of

2    calling them.  Because I don't speak English and when I

3    saw him go inside, I was very afraid.

4          MR. CAREY:  Q   Do you know or remember which

5    one of the children called the police on the phone?

6     A.   His name is Renatto.

7     Q.   Going back to after the police arrived

8    shortly on the scene thereafter, you mentioned that you

9    went downstairs to where the police were.  Is that

10   correct?

11    A.   They knocked on the door and they asked me to

12   come downstairs.

13    Q.   Did you hear the police knocking on other

14   doors?

15    A.   No.

16    Q.   Do you remember, you went downstairs with the

17   police officer, is that correct?

18    A.   Yes.

19    Q.   How many police officers?

20    A.   One called me to come downstairs.  The park

21   downstairs.  And I went downstairs.

22    Q.   When you're downstairs you said you could see

23   that someone of a black origin was in the police car?

24    A.   Yes.

1    Q.   You were unable to determine if that was the

2    same person who entered the building that was sitting

3    in the police car?

4    A.   No.

5    Q.   Does that mean no, you could not tell who

6    that person was in the police car?

7    A.   I didn't see him.

8    Q.   When you say you did not see him, are you

9    meaning you did not see the person inside the police

10   car or you did not see the person going into the

11   window?

12   A.   I saw the person going into the window, but I

13   didn't see his face, I only saw him from the rear.

14   Q.   At some point were the two children standing

15   outside the apartment building with you with the police

16   officers?

17   A.   Where the police was outside?

18   Q.   Yes.

19   A.   I think so.  I don't remember very well when

20   they called me downstairs.  There were other people

21   there but I don't remember who was there.

22   Q.   By a lot of people, do you recall a lot of

23   police officers?

24   A.   Yes.

1      Q.   Do you ever remember the police officers

2   bringing anyone out of the police car?

3      A.   I don't remember very well whether they took

4   him out or not.

5      Q.   Do you remember any point in time that

6   someone was brought out of the car and the two children

7   who were standing next to you were asked to identify

8   the person who was brought out of the police car?

9      A.   I remembered they called the children

10   downstairs also.

11      Q.   Were you with the childrens the entire time

12   they were downstairs?

13      A.   No.

14      Q.   In your presence did you see the children

15   point to someone who they thought went through the

16   window?

17      A.   No.

18      Q.   Did you know an individual whose window

19   someone went into?

20      A.   No.

21           MR. CAREY:  No further questions.

22           THE COURT:  Any redirect.

23           ASA OGAREK:  Briefly.

24

1              REDIRECT EXAMINATION

2                   By Ms. Ogarek:

3          Q.   Miss Franco, you live on the fourth floor of

4     one building, correct?

5          A.   Yes.

6          Q.   The building that that person you saw going

7     through the window, was that on your side or was that

8     across the way?

9          A.   In front.

10         Q.   Is there another building when you look out

11    your window, is there another building that you can

12    see?

13         A.   The side next to where I am, that's the one

14    you see.

15         Q.   The side next to where you are.  Okay.

16              The children you saw that you

17    recognized, that you saw go and call the police, were

18    they closer or farther from the person going through

19    the window than you were?

20         A.   They were on the floor above where he was.

21         Q.   That's when you saw them calling the police?

22         A.   Yes.

23              ASA OGAREK:  Nothing further.

24              THE COURT:  Any recross.

FF-26

```
 1              MR. CAREY:  None your Honor.

 2              THE COURT:  She's done.  State?

 3              ASA OGAREK:  At this time I would be asking

 4     that the trial be commenced and continued.  So that I

 5     can present the court with the two witnesses I

 6     mentioned earlier.  That being the Fatisha Luna and

 7     Veronica Guyton.  In addition, I do have one police

 8     officer.

 9              THE COURT:  Matter's continued

10     September 14th.

11              ASA OGAREK:  I will be here or one of my

12     partners, but I may be on jury at that time.  So I

13     ask --

14              THE COURT:  Phyllis will finish.

15

16

17

18                   (Whereupon, proceedings were

19                    adjourned in this case)

20

21

22

23

24
```

FF-27

1      IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
          COUNTY DEPARTMENT-CRIMINAL DIVISION

2

3.                        I, PAUL W. O'CONNOR, an Official

4      Court Reporter for the Circuit Court of Cook County,

5      County Department/Criminal Division, do hereby certify

6      that I reported in shorthand the proceedings had at the

7      hearing in the above-entitled cause; that I hereafter

8      caused the foregoing to be transcribed into

9      typewriting, which I hereby certify to be a true and

10     accurate transcript of the proceedings had before the

11     Honorable JAMES LINN, Judge of said court.

12

13

14     _____
                    Official Court Reporter

15

16     Lic. No. 084-002955

17

18     Dated this _____ day

19     of _____, 2006.

20

21

22

23

24


FF-28



## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

**203 NORTH LASALLE STREET**
**24TH FLOOR**
**CHICAGO, ILLINOIS 60601**
**TELEPHONE: 312/814-5472**
**FAX: 312/814-1447**

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

November 2, 2006

**ADRIENNE RIVER**
ASSISTANT APPELLATE DEFENDER

Mr. Anthony Brown
A/K/A David Wynter
Register No. 2004-0002466
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

Dear Mr. Brown:

  I received your letter and am now in the process of reviewing your case. When I am ready, I will contact you and ask you to call me so we can talk. You mentioned a possible issue concerning the grand jury testimony; if you can, you send me a copy because I don't have that transcript.

  I am enclosing your copy of the transcript for October 18, 2005.

       Sincerely,

       ADRIENNE RIVER
       Assistant Appellate Defender

EXHIBIT B -1



## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

November 2, 2006

**ADRIENNE RIVER**
ASSISTANT APPELLATE DEFENDER

Mr. Anthony Brown
A/K/A David Wynter
Register No. 2004-0002466
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

Dear Mr. Brown:

I received your letter and am now in the process of reviewing your case. When I am ready, I will contact you and ask you to call me so we can talk. You mentioned a possible issue concerning the grand jury testimony; if you can, you send me a copy because I don't have that transcript.

I am enclosing your copy of the transcript for October 18, 2005.

Sincerely,

ADRIENNE RIVER
Assistant Appellate Defender

EXHIBIT B-2



## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

MICHAEL J. PELLETIER
DEPUTY DEFENDER

December 18, 2006

ADRIENNE RIVER
ASSISTANT APPELLATE DEFENDER

Mr. Anthony Brown
A/K/A David Wynter
Register No. 2004-0002466
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

Dear Mr. Brown:

I have received today faxes from attorney Cary containing police reports,
which I will review; he does not have the transcript for the grand jury. I have
ordered that transcript, but that could take some time. When I receive it, I will
review it and advise you if you need to take action; but, because I think it is highly
unlikely that an issue will appear on the face of the grand-jury transcript, I will file
my motion to withdraw before that.

I have also received another letter from you. Please call me by January 8th
at the latest so I can answer your additional questions. If I don't hear from you by
then, I will go ahead and file my motion.

Sincerely,

ADRIENNE RIVER
Assistant Appellate Defender



EXHIBIT B-3

## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

**203 NORTH LASALLE STREET**
**24TH FLOOR**
**CHICAGO, ILLINOIS 60601**
**TELEPHONE: 312/814-5472**
**FAX: 312/814-1447**

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

January 10, 2007

**ADRIENNE RIVER**
ASSISTANT APPELLATE DEFENDER

Mr. Anthony Brown
A/K/A  David Wynter
Register No. 2004-0002466
Cook County Jail
P.O. Box 089002
Chicago, IL  60608

Dear Mr. Brown:

As we discussed in our phone conversation, after reading your trial
transcripts several times, researching possible issues and discussing your case
with another attorney, who has also read the transcripts, I have concluded that
there are no meritorious issues to be raised on your behalf. Therefore, I have filed
the enclosed *Anders* motion and supporting memorandum which explains to the
court that there are no meritorious issues and asks that I be permitted to withdraw
as counsel. If the court allows my motion, your conviction and sentence will
stand.

The decision that there are no meritorious arguments to be made does not
prevent you from bringing matters to the appellate court's attention. You can do
so by a letter to the court objecting to my motion. Within the next 60 days you
will receive a letter from the appellate court informing you of your right to object
to the *Anders* motion. The address to direct any objection to is: First District
Appellate Court, 160 North LaSalle, Suite 1400, Chicago, Illinois  60601.

I am very sorry that there is nothing I can do in your case. Should you
have any questions, please do not hesitate to contact me.

Sincerely,

ADRIENNE RIVER
Assistant Appellate Defender

EXHIBIT 3-4

I have written to Mr. Cary and have not yet received by fax or otherwise copies of the grand jury transcript and the police reports to which you referred to in a previous letter.

Sincerely,

*Adrienne River*

ADRIENNE RIVER
Assistant Appellate Defender

Dear Mr. Cary,
She Said if The indictment was obtained,
as I alleged with Ms. Mayo's Testimony
which was repudiated at Trial That's our
Strongest issue.
Please forward it as soon as possible

Ross

EXHIBIT B-5

I have not received the grand jury transcript, but I will follow up with your present counsel at the telephone number you provided.

My understanding is that you may call me from the jail without my need to make prearrangements; please call me by December 18th. But, unfortunately, pending review of the grand jury transcript and a telephone conference with you, I plan on filing a motion to withdraw as counsel in your appeal because I do not believe there are any meritorious issues that I can raise on your behalf. I have concluded that the stop was valid due to your flight, that the showup was valid and was not so suggestive that the child's identification was inadmissible, that an argument that your guilt was not proven beyond a reasonable doubt would not be successful on appeal, and that your sentence was not excessive. Two other attorneys agreed with my decision, one of whom who also read the record. Once I filed the motion, I will send you a copy, and the appellate court will give you an opportunity to respond.

Sincerely,

ADRIENNE RIVER
Assistant Appellate Defender



*Exhibit "B"-6*



## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

**203 NORTH LASALLE STREET**
**24TH FLOOR**
**CHICAGO, ILLINOIS 60601**
**TELEPHONE: 312/814-5472**
**FAX: 312/814-1447**

MICHAEL J. PELLETIER
DEPUTY DEFENDER

January 10, 2007

ADRIENNE RIVER
ASSISTANT APPELLATE DEFENDER

Mr. Anthony Brown
A/K/A David Wynter
Register No. 2004-0002466
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

Dear Mr. Brown:

    I am enclosing your copies of the transcripts from May 4, 2004, and September 23, 2003.

    In your recent letters, you referenced the police reports that attorney Wham Cary forwarded to me; but they do refer to both children being present, and they do not specifically state that the woman identified you. Due to budget constraints, we do not have the funds to make you personal copies of the reports. Perhaps Mr. Cary would be willing to send you copies.

    After reviewing all the materials in your case and considering the issues you raised in your letters, I concluded that there were no meritorious issues that I could raise in the appellate court that would give you relief from this conviction. I asked you to call me by January 8th to talk to you about this decision, but I have not heard from you. I will be filing my motion to withdraw from the case today.

Sincerely,

*Adrienne River*

ADRIENNE RIVER
Assistant Appellate Defender

*MS. River never obtained
The grand jury minutes
which is where the
issue of lies.*

*I look forward to filing a supplemental
once I hear from MS. Kujawa.*

EXhibiT C

CLERK'S OFFICE
## APPELLATE COURT FIRST DISTRICT
STATE OF ILLINOIS
160 NORTH LASALLE STREET, RM S1400
CHICAGO, ILLINOIS 60601

STEVEN M. RAVID
CLERK

January 25, 2007

Mr. Anthony Brown
a/k/a David Wynter
ID# 2004-0002466
Cook County Jail
P. O. Box 089002
Chicago, IL  60608

In Re:        05-3805

Dear Mr. Brown:

Enclosed please find a file-stamped copy of your response to your attorney's <u>Anders</u> motion to withdraw.

Within the next few weeks, you will be receiving from Ms. Marilyn Kujawa, Director, Research Division, Illinois Appellate Court, First District, a letter explaining responses to <u>Anders</u> motions. Please note that the enclosed file-stamped response will be considered by the Court even though it was filed before you received Ms. Kujawa's letter. If, however, you wish to make an additional response to the <u>Anders</u> motion after you have received and reviewed Ms. Kujawa's letter, you may do so by the date set forth in the letter for a response. Any additional response that you may choose to file should not duplicate the matters that you have already addressed in your January 25th response.

Very truly yours,

Cindy F. Wile

Cindy F. Wile
Administrative Attorney

CFW/cb

05-3805
Order & Response

NO. 1-05-3805

Exhibit "C"-1

IN THE
APPEALATE COURT OF ILLINOIS
FIRST DISTRICT

FILED
APPELLATE COURT 1st DIST.

JAN 2 5 2007

STEVEN M. RAVID
CLERK

PEOPLE OF THE STATE OF ILLINOIS )    Appeal From The Circuit Court
    Plaintiff - Appellees,  )    OF COOK COUNTY ILLINOIS
    -VS-  )    NO. 03 CR 13659.
ANTHONY BROWN, a/k/a DAVID WYNTER, )    Honorable
    Defendant-Appellant  )    James B. Linn
      )    Judge Presiding.

Brief and Memorandum in Support of Motion
To object To Counsels leave To Withdraw
as Counsel On Appeal.

Counsel Never obtained The Complete record on appeal
To effectively address The issues.

The record on appeal consists of The report of proceedings
(transcript) and The common law record. The common law
record contains all The documents filed in The case e.g
indictment, motions, orders, etc.

An appeal is based on The record. Only issues which appear
in The report of proceedings or common law record may be
raised in the brief filed by The appellant's attorney

Counsel Never provided me With any documents from The
Common law record, and Never responded To my request
She raise The following issues on appeal:
Totally fabricated evidence was used To obtain
The grand Jury indictment, a clear denial of my
due process rights,
The due process violations are clear and can be
ascertained with certainty.

2.

A report prepared by Officer Audie Manaois Star #9571
Tactical Officer For The Chicago Police Department
assigned To The 24Th District. Officer Manaois report Stated

" A Female Myra Franco observed The Offender enter
and exit The Victim's apartment Through a window
She Then Called 911 and when The Police arrived
MS. Myra Then went downstairs and identified me
in a Showup.

This evidence was presented To a grand Jury Verbatim
and an indictment was obtained.

MS. Francos Trial Testimony States:

" Trial Transcript FF-17, lines 7-8; I Saw a man lifting
a Window and Climbing inside." FF-18; lines 1-2,

Q. Did you See That Person come back outside?

A. No

Q. Did you later See Police arrive

A. Yes

Q. When The Police Came back, did you go outside
and Talk To The Police

A. Yes.

Q. Can you describe The Person That They had in
The back of That Vehicle?

A. No.

Q. Do you know iF it was male or Female

A. It was a man.

Q. Do you know iF That Person was Hispanic, black
White, Asian Indian do you know?

A. Black.

    FF-21 lines 3-4, -21,

Q. Do you remember what Kind of Clothing That
individual was wearing?

A. No I don't remember. lines 18-21

Q. After Seeing The Person going into Thahouse
how long was it before you Saw Police Cars arrive?

A. They Came Very Quickly because The children were
and I Saw when They Called The Police.

3.

A. I saw when they called

FF-22. lines 21-24

Q. Is there any reason you did not call the police?

23  ASA OBAREK. Objection, relevance

24  THE COURT. overruled.

FF 23. lines 1-3,

A. I didn't have any way of calling them because I don't speak english, and when I saw him go inside I was very affraid.

FF-23 lines 4-5,

Q. Do you know or remember which one of the children called the police on the phone

A. His name is Ro.Natto,

FF-24, lines 12-13,

A. I saw the person going into the window but I didn't see his face. I only saw him from the rear,

FF-25 lines 1-17

Q. Do you ever remember the police officess bringing anyone out of the police. car?

A. I don't remember very well whether they took him out or not.

Q. Do you remember any point in time that someone out of the car and the two children who were standing next to you were asked to identify the person who was brought out of the police. car?

A. I remembered they called the children downstairs also.

Q. Were you with the children the entire time they were downstairs?

A. No.

Q. In your presence did you see the children point to someone who they thought went through the window?

A. No.

REDIRECT EXAMINATION BY MS. OGASEK: (4)

PP-26 lines 16-23.

Q. The children you saw that you recognized,
that you saw do and call the police, were they
closer or farther from the person going through
the window than you were?

A. They were on the floor above where he was.

Q. That's when you saw them calling the police?

A. Yes.

ASA OGASEK NOTHING FURTHER.

The STATE has JUST exposed the FABRICATED evidence
used to obtain the INDICTMENT.

Officer Manaois when he prepared his report was
aware MS. Franco never called the police. She never
gave him my description, and she testified she did
not see the man's face, she doesn't remember what
he was wearing. She doesn't even recall a man being
brought out of the car for identification purposes,
and she made no identification in open court.

Clearly had MS. Franco been called to testify in person
before the grand jury, based on her trial testimony
she would not have provided any evidence to the
grand jury for them to return a True Bill.

The STATE then should not be allowed to prevail
in a prosecution derived from evidence obtained
as a result of prosecutorial misconduct and in
violation of my due process rights under the 14th
amendment P.V. Lawson 367 NE.2d 1244,
or where the grand jury was misled by the prosecutor
People V. Barton, 546 N.E.2d 1091 (1989)

The Supreme Court of Illinois in People V. Linzy, 398 NE2d 1,
stated "This court has held that the grand jury is an
integral part of the trial court and that the court
in its inherent supervisory power over the grand jury,
has jurisdiction to order and examine transcripts
of grand jury proceedings to determine if there
has been prosecutorial misconduct

AN INDICTMENT MUST be dismissed when The GRAND JURY (5)
has been Misled INTO ThinKing IT IS hearing direct
evidence OF AN eyewitness when iT IS NoT.
People V. ESTEPA 471 F 2d 1132

IN People V. BASURTO, 471 F2d 1132; The Court held That
due Process is Violated When a defendant MUST
STANd Trial on aN indictment Which The
Government Knows is based On Material, Persured
TeSTIMONY,

Defendant has Suffered Actual and Substantial
Presudice due To The PROSECUTOR'S deliberate
deception OF the grand Jury, where Such deception
UNder Mines The integrity OF The grand Jury Process,
People V. J. H. 534 N.E.2d 961,
Intentionally Misleads The grand Jury To The Prejudice
OF The defendant. Bank Of NOVA SCOTia V. United States
108 S.CT. 2369, 2377

I have Provided This issue and Citations To Appellate
Counsel Adrienne River's Attention Who Could NoT
examine These issues because Up To The Time MS. River
Filed her Anders brief For leave To Withdraw by her
Own admission She never obtained The Grand Jury Minutes
The issues available To Counsel In This Matter are
Meritorious And Should be PRESENTed To This Court
For review.

A Fabricated Police report was Prepared by Officer
Manadis alledging Myra Franco observed Me Commit
a burglary, She Called 911, and identified Me At The
Scene. This Fabrication resulted in aN indictment.
Please refer To The September 14, 2004 Motion Transcript
R-4 lines 15-19. AS A Galassini : Actually, Judge :
The evidence Will Show This is a Classic Trespy Case
We have a Nine Year old boy Witnessing The
defendant Climbing In his Neighbor's Window,
Calls The Police, gives a description.
The State did NoT Tender The Names Of aNy little
boys in Their Discovery response.

6

The STATE in realizing MS. Francos police statements used to obtain The indictment were Fabrications, and That her testimony could not in any way sustain Their burden of proof developed a new scenario involving minors, Neither of Whom is mentioned anywhere in the police reports used to obtain The grand Jury indictment.

Appellate Counsel has an obligation to provide not only the appellant, but This Court with the required documents Filed in the case I.E. Record on appeal, Common law record police reports, indictment, motions, orders etc. informed decisions on what Meritorious issues are available can not be determined from an incomplete Record on appeal.

Four assistant public defenders' preceded Arthur Willis on my case Preston Jones Jr. Sheree Dykes-Henry and Mary Anne Spillane I told all of Them I had No proceeds on my Person when arrested on hearing This mr. Willis Told me he was putting me on The stand and that I had to admit to having items They could use against me in a trial, his reasoning I cannot ask The Court to suppress items without acknowledging possession, This was Ineffective assistance of counsel The Judge used That admission to Justify denying the motion, Counsel's advice to Incriminate myself by admitting to having proceeds From a burglary when I had None was also used to sustain The state's case at Trial, I Testified at Trial Transcript G6-H2, lines 16-24 That I Incriminated myself on advice of Counsel Arthur Willis. Appellate counsel refused to pursue ineffective assistance of counsel issues, Further Ineffectiveness I can from what appeared to be a civilian trailing me in an alley September 15, 2004 Transcript R-18, lines 1-13, It, Holman
A. I Slowed down I asked him to stop. I wanted to speak to him. at which Time he fled.
Q. now, when you slowed down and asked him to stop. Why were you in a marked Vehicle?
A. No. I was in a covert, unmarked vehicle, an unmarked Police Cruiser.
Q. At The Time

Did you identify yourself as a police officer? (7)
I dont recall if I did or did not.

2. Were you in uniform that day
A. No I was not.

Appellate counsel in the motion for leave to withdraw
stated she had considered raising this issue on my
behalf. legal Analysis page ten.

3) Whether trial court erred in ruling that the stop
of Brown upon his fleeing from the officer was valid
She cites Wardlow 528 US 119, 124-26 (2000)
unprovoked flight upon noticing the police is
certainly suggestive of wrongdoing. By the
officers own testimony there was nothing about
him that suggested police. and he never
announced his office. Wardlow fled from uniformed
officers' in a caravan of marked squad cars, they
were in uniform in a high crime area and'
announced their office, her reliance on wardlow
is misplaced. I ran up a stairwell closing the door
which required a key for entry Lt. Holman kicked off
the door breaking the lock he had no warrant for
my arrest, I violated no law in his presence. There
were no exigent circumstances, his perjured
testimony was that the door was open. counsel
ignored my request to send out an investigator
Lt. Holmans forcible entry to effect the arrest was the
crux of the probable cause determination. failure of
counsel to investigate the real circumstances
of my arrest was ineffective assistance of counsel.

(2) Whether the showup was invalid and impermissibly
Suggestion. September 15, 2004 motion transcript
R-32 lines 11-16
A. officer Manadis star 9576 Chicago police, 24th
District Tactical unit.
Q. were you working with the chicago police on June
9, 2003, at about 2:00 o'clock in the afternoon?
A. Yes I was. lines 17-24
Q. On that time, date and location, did you have an
occasion to receive a call of a burglary in progress?
A. yes.
Q. what did you do after you received that call?

K-55 lines 1-14

Q. Did you meet with somebody A. Yes
   And did you meet with a witness A. Yes

Q. How old was this witness?

A. A nine year old and a seven year old,

Q. And did you have occasion to speak with the witness?

A. Yes.

Q. What did he tell you?

A. He told me that he was looking out the window of his
   apartment, He looked down and he observed a male,
   African American subject in the porch below him
   reach over to the window, which is right next to
   the porch, and enter through that window, which
   is his neighbors

Q. Did he have his brother call the police at that
   time?

A. Yes.    R-38, lines 16-24,

Q. At the time you went to this building, you spoke with
   a nine and seven year old?

A. Yes.

Q. At the time you spoke to them were you alone?

A. Yes.

Q. And at that time you spoke with them, they told
R-39 you that they had called 911 and given a description
in USA. Yes.

R-21 ~ lines 18-23 It. Holman's Testimony

Q. What did you do when you saw that gentleman
   in the stairwell?

A. Placed him into protective custody.

Q. When you state you placed him into protective
   custody, did you handcuff him?

A. Yes I did.
   That then was the arrest, and where no showup had
   yet been conducted there was no probable cause
   for my arrest. I was subsequently brought out of
   a marked squad car twice in handcuff for a
   showup with two kids Neither of which identified me
   as being the perpetrator. 28 months later at trial
   The then seven year old identified me tentatively
   wearing glasses? I only wear reading glasses and
   had none in my possession June 9, 2003, R-44, lines 12-13,

Q. And after he was identified, you wrote up a case
   report in this matter right?

A. Yes.

Officer Manadis wrote Two reports That day With substitute Witnesses of The whole arrest and identification Procedure was Falsified.

Why did the STATE object when counsel asked Ms. Franco did she call 911 ? It seemed like a harmless question. Appellate counsel's Anders motion for leave To Withdraw should not be granted, counsel should obtain all the necessary documents required For a Knowledgable approach to determine Appellants appealable issues. The Prosecutor has Knowingly advanced The Fabricated evidence Provided by The Police.

Public defender provided ineffective assistance of Counsel by advising me To incriminate Myself When I had no proceeds, he Told me To Testify That I did. He Failed To Send an investigator To The scene of The arrest and allowed The use of Fabricated evidence by The STATE. With The required common law records Which appellate counsel has yet To obtain, Appellant has demonstrated Meritorious issues Which can be realized With research, The proper documents and Thorough Preparation. I Therefore humbly request a refusal by This Court To Accept Counsel's Anders Motion.

Respectfully

January
19/2007

Anthony Brown
Anthony Brown
20040002466
P.O. Box 089002
Chicago IL
60608

RECEIVED

MAR 18 2008

OFFICE OF THE CLERK
SUPREME COURT U.S.

FIFTH DIVISION
July 27, 2007

No. 1-05-3805

## IN THE APPELLATE COURT OF ILLINOIS
### FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 03 CR 13659 |
| | ) | |
| ANTHONY BROWN AKA DAVID WYNTER, | ) | The Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge Presiding. |

### O R D E R

Following a bench trial, defendant Anthony Brown was found guilty of residential burglary and sentenced as a Class X offender to a prison term of 12 years. Defendant appealed and the State Appellate Defender was appointed to represent him.

Counsel has now filed a motion in this court requesting leave to withdraw based on her conclusion that an appeal in this cause would be without arguable merit. She has also submitted a brief in support of her motion pursuant to Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).

Defendant was advised of counsel's conclusion and request to withdraw, and has filed a series of pro se responses raising a number of assertions. Defendant contends that appellate counsel was ineffective for failing to obtain a complete record to effectively address his claims, to provide him any part of the

1-05-3805

common law record, and to raise the following issues on appeal:

(1) the validity of the indictment based on prosecutorial misconduct before the grand jury, (2) his fitness to stand trial, (3) the trial court's failure to require the State to prove his eligibility for Class X sentencing, and (4) the ineffectiveness of trial counsel for failing to raise an objection thereto and for advising him to admit being in possession of the burglary proceeds.

With regard to defendant's allegations of ineffective assistance of appellate counsel, we acknowledge defendant's right to effective assistance of counsel on appeal. However, we also recognize that appellate counsel is under no obligation to brief every conceivable argument on appeal, and that it is not incompetence for counsel to refrain from raising those issues, which in counsel's judgment, are without merit. People v. Ford, 368 Ill. App. 3d 562, 575 (2006).

Moreover, defendant has contradicted his own claim that appellate counsel never considered his allegations by attaching, to his pro se responses, correspondence from counsel indicating that counsel found it was "highly unlikely that an issue will appear on the face of the grand-jury transcript," and that the trial court's comment concerning his fitness for trial did not provide a basis for appeal as the court continued the trial for a fitness evaluation. See People v. Boclair, 225 Ill. App. 3d 331, 338 (1992).

As to defendant's claim regarding his eligibility for Class

-2-

1-05-3805

X sentencing, we observe that the presentence investigation report, filed with the trial court, set forth defendant's prior felony convictions and was a reliable source from which the trial court could appropriately determine his eligibility for Class X sentencing. See <u>People v. Moore</u>, 365 Ill. App. 3d 53, 67 (2006); <u>People v. James</u>, 362 Ill. App. 3d 285, 292-93 (2005). Thus, defendant's claims of trial court error, the State's failure to authenticate his prior convictions, and trial counsel's ineffectiveness in that regard must fail. Finally, defendant's claim that his trial counsel was ineffective for advising him to admit to being in possession of the burglary proceeds is based on matters outside of the record and therefore not properly before us on appeal. <u>People v. Bock</u>, 357 Ill. App. 3d 160, 169 (2005).

Having carefully reviewed the record in this case, counsel's brief, and defendant's <u>pro se</u> responses, in compliance with the <u>Anders</u> decision, we find no issues of arguable merit to be raised on appeal. We therefore grant the motion of the State Appellate Defender for leave to withdraw as counsel and affirm the judgment of the circuit court of Cook County.

Affirmed.

O'MARA FROSSARD, J., with O'BRIEN, P.J., and GALLAGHER, J., concurring.

-3-

Exhibit C-3

105586

# SUPREME COURT OF ILLINOIS
## CLERK OF THE COURT
### SUPREME COURT BUILDING
### SPRINGFIELD, ILLINOIS 62701
### (217) 782-2035

January 30, 2008


Mr. Anthony Brown
a/k/a David Wynter
Reg. No. N-04231
Stateville Corr. Center, P. O. Box 112
Joliet, IL 60434

No. 105586 - People State of Illinois, respondent, v. Anthony
            Brown, etc., petitioner.  Leave to appeal,
            Appellate Court, First District.


    The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.


    The mandate of this Court will issue to the Appellate Court

on March 6, 2008.

eXhibiT "D"

## NOTICE OF APPEAL

An appeal is begun by the filing of a Notice of Appeal. Usually the notice must be filed within 30 days after the date of the order being appealed. In some cases, as when the defendant was not informed of his right to appeal or he has an excuse for not filing a timely notice, a notice may be filed within six months from the expiration date of 30 days for a timely notice.

The Notice of Appeal is filed in the Circuit (trial) Court. Once the notice is filed, the trial judge determines if the appellant can afford an attorney. If he cannot, the judge appoints an attorney to represent him.

## DOCKETING STATEMENT

Within fourteen days after the Notice of Appeal is filed, counsel for the appellant must file with the appellate court a docketing statement, which simply informs the Appellate Court of the nature of the case and the anticipated length of the record.

## RECORD ON APPEAL

The next step in the appellate process is the preparation of the record on appeal. The Record on Appeal consists of the report of proceedings (transcript) and the common law record. The common law record contains all the documents filed in the case, e.g., indictment, motions, orders, etc.

An appeal is based on the record. Only issues which appear in the report of proceedings or common law record may be raised in the brief filed by the appellant's attorney.

EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 008

PEOPLE OF THE STATE OF ILLINOIS

                VS              NUMBER 03CR1365901

ANTHONY     BROWN

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
09/14/05 FINDING OF GUILTY                      C001 00/00/00
         LINN JAMES B.
09/14/05 BAIL REVOKED                                00/00/00
         LINN JAMES B.
09/14/05 PRE-SENT INVEST. ORD, CONTD TO              00/00/00
         LINN JAMES B.
09/14/05 CHANGE PRIORITY STATUS               M      00/00/00
         LINN JAMES B.
09/14/05 CONTINUANCE BY ORDER OF COURT               10/18/05
         LINN JAMES B.
10/11/05 NOTICE OF APPEAL FILED, TRNSFR              00/00/00
10/18/05 PRISONER DATA SHEET TO ISSUE                00/00/00
         LINN JAMES B.
10/18/05 MOTION DEFENDANT - NEW TRIAL                00/00/00 D
         LINN JAMES B.
10/18/05 DEF SENTENCED ILLINOIS DOC           C001 00/00/00
              12 YRS
         LINN JAMES B.
10/18/05 CREDIT DEFENDANT FOR TIME SERV              00/00/00
              680 DYS
         LINN JAMES B.
10/18/05 FINES COSTS FEES PER DRFT ORD               00/00/00            $    670
         LINN JAMES B.
10/18/05 CREDIT FOR TIME SERVED                                          $    860
         LINN JAMES B.
10/18/05 BLOOD TEST ORDERED                          00/00/00 S      1
         LINN JAMES B.
10/18/05 NOTICE OF NOTICE OF APP MAILED              00/00/00
10/18/05 HEARING DATE ASSIGNED                       10/21/05 1713
10/21/05 ILL STATE APPELLATE DEF APPTD               00/00/00
         BIEBEL, PAUL JR.
10/21/05 O/C FREE REPT OF PROCD ORD N/C              00/00/00
         BIEBEL, PAUL JR.
10/21/05 MEMO OF ORDS & NOA PICKED-UP                00/00/00
         BIEBEL, PAUL JR.
11/29/05 COMMON LAW RECORD PREPARED                  00/00/00
         (01)VOL CLR PREPARED

```
        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 009

    PEOPLE OF THE STATE OF ILLINOIS

                    VS              NUMBER 03CR1365901

    ANTHONY      BROWN

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
12/06/05 APPELLATE COURT NUMBER ASGND        00/00/00 05-3805
12/08/05 CLR RECD BY APP COUNSEL             00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
12/09/05 SUPPL REPORT OF PRCD PREPARED       00/00/00
         ONE VOL CERTAIN DOC
12/13/05 SUPPL REC RECD BY APPL COUNSEL      00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
04/05/06 REPT OF PRCDS ORD FR CRT RPT        00/00/00
04/18/06 REPT OF PRCDS ORD FR CRT RPT        00/00/00
09/15/06 TRANS PROC REC/FILED CLKS OFF       00/00/00
         ONE VOLUME
09/25/06 REPORT OF PROCEEDINGS PREPARED      00/00/00
         ONE VOLUME
09/26/06 REPRT/PROCDS RECD BY APP ATTRY      00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
09/27/06 SUPP TRAN PRO REC/FILE CLK OFF      00/00/00
         ONE VOLUME
10/02/06 REPORT OF PROCEEDINGS PREPARED      00/00/00
         ONE VOLUME
10/03/06 REPRT/PROCDS RECD BY APP ATTRY      00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
10/11/06 SUPP TRAN PRO REC/FILE CLK OFF      00/00/00
         ONE VOLUME
10/11/06 SUPP TRAN PRO REC/FILE CLK OFF      00/00/00
         ONE VOLUME
10/31/06 SUPPL REC RECD BY APPL COUNSEL      00/00/00
         ONE VOLUME
10/31/06 SUPPL REC RECD BY APPL COUNSEL      00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
10/31/06 SUPPL REPORT OF PRCD PREPARED       00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
10/31/06 SUPPL REPORT OF PRCD PREPARED       00/00/00
         (1) VOL
10/31/06 SUPP TRAN PRO REC/FILE CLK OFF      00/00/00
         ONE VOLUME
11/02/06 SUPPL REPORT OF PRCD PREPARED       00/00/00
         ONE VOLUME
```

```
          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 010

      PEOPLE OF THE STATE OF ILLINOIS

                    VS                  NUMBER 03CR1365901

      ANTHONY     BROWN

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
 and keeper of the records and seal thereof do hereby certify that the
 electronic records of the Circuit Court of Cook County show that:

 The States Attorney of Cook County filed an INDICTMENT/INFORMATION
 11/08/06 SUPPL REC RECD BY APPL COUNSEL          00/00/00
       STATE APPELLATE DEFENDER - ONE VOLUME
 10/31/06 SUPP TRAN PRO REC/FILE CLK OFF          00/00/00
       ONE VOLUME
 11/14/06 SUPPL REPORT OF PRCD PREPARED           00/00/00
       (01)VOLUME SUPP ROP PREPARED
 11/17/06 SUPP TRAN PRO REC/FILE CLK OFF          00/00/00
       ONE VOLUME
 11/21/06 SUPPL REC RECD BY APPL COUNSEL          00/00/00
       STATE APPELLATE DEFENDER - ONE VOLUME
 11/30/06 SUPPL REPORT OF PRCD PREPARED           00/00/00
       ONE VOLUME
 11/30/06 SUPPL REPORT OF PRCD PREPARED           00/00/00
       ONE VOLUME
 11/09/06 SUPP TRAN PRO REC/FILE CLK OFF          00/00/00
       ONE VOLUME
 12/05/06 SUPPL REC RECD BY APPL COUNSEL          00/00/00
       STATE APPELLATE DEFENDER - ONE VOLUME
 12/05/06 SUPPL REC RECD BY APPL COUNSEL          00/00/00
       STATE APPELLATE DEFENDER - ONE VOLUME
 02/08/07 SPECIAL ORDER                           00/00/00 F       2
       MOTION-COPY OF CHARGING INSTRUMENTS.
 02/08/07 HEARING DATE ASSIGNED                   02/14/07 1724
 02/14/07 SPECIAL ORDER
       PROSE MOTION FOR COPY OF CHARGES DENIED
       LINN JAMES B.
 02/14/07 SPECIAL ORDER
       OFF CALL
       LINN JAMES B.
 04/04/07 SPECIAL ORDER                           00/00/00 F       2
       COPY OF CHARGING INSTRUMENTS.
 04/04/07 HEARING DATE ASSIGNED                   04/09/07 1724
 04/09/07 DEFENDANT IN CUSTODY                    00/00/00
       ILLINOIS DEPARTMENT OF CORRECTIONS
       LINN JAMES B.
 04/09/07 CONTINUANCE BY AGREEMENT                04/25/07
       LINN JAMES B.
```

Exhibit F-2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 011

PEOPLE OF THE STATE OF ILLINOIS

                    VS               NUMBER 03CR1365901

ANTHONY     BROWN

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
04/25/07 SPECIAL ORDER                          00/00/00
    PROSE MOTION FOR PRETRIAL DISCOVERY DENIED
    LINN JAMES B.
04/25/07 SPECIAL ORDER                          00/00/00
    OFF CALL
    LINN JAMES B.
12/12/07 SPECIAL ORDER                          00/00/00 F      2
    GRAND JURY MINUTES TRANSCRIPTS.
12/12/07 HEARING DATE ASSIGNED                  12/17/07 1724
12/17/07 SPECIAL ORDER                          00/00/00
    PRO SE MOTION FOR DISCOVERY DENIED
    LINN JAMES B.
03/04/08 SPECIAL ORDER                          00/00/00 F      2
    .OPY OF CHARGING INSTRUMENTS.
03/04/08 HEARING DATE ASSIGNED                  03/11/08 1724
03/11/08 SPECIAL ORDER                          00/00/00
    2ND PRO SE MTN. FOR DISCOVERY & POLICE REPORTS DENIED
    LINN JAMES B.
03/18/08 MANDATE FILED                          03/28/08 1701
    05-3805
03/28/08 REVIEW COURT AFFIRMANCE                00/00/00
    GAINER THOMAS V JR.
07/14/08 POST-CONVICTION FILED                  00/00/00
07/14/08 PAUPER PETITION FILED                  00/00/00
07/14/08 SPECIAL ORDER                          00/00/00
    MOTION FOR APPOINTMENT OF COUNSEL
07/14/08 HEARING DATE ASSIGNED                  07/18/08 1724
07/18/08 DEFENDANT NOT IN COURT                 00/00/00
    LINN JAMES B.
07/18/08 CONTINUANCE BY ORDER OF COURT          07/21/08
    LINN JAMES B.
07/21/08 DEFENDANT NOT IN COURT                 00/00/00
    LINN JAMES B.
07/21/08 CONTINUANCE BY ORDER OF COURT          07/22/08
    LINN JAMES B.
07/22/08 SPECIAL ORDER                          00/00/00
    PRO SE POST CONVICTION PETITION-DENIED
    LINN JAMES B.

Exhibit "G"

## OFFICE OF THE CIRCUIT COURT CLERKS OF COOK COUNTY
## 2650 S. CALIFORNIA-5TH FLOOR
## CHICAGO, ILLINOIS 60608
### (773) 869-3143

DATE:  JULY 23, 2008

|  |  |  |  |
|---|---|---|---|
| **PETITIONER** | ) |  |  |
|  | ) |  |  |
| **VS.** | ) |  |  |
|  | ) |  |  |
| **THE PEOPLE OF THE STATE OF ILLINOIS** | ) |  |  |
| **RESPONDENT** | ) | **CASE NO:** | 03CR13659-01 |
|  | ) |  |  |

TO:   ANTHONT BROWN #N-04231

ADDRESS:  P.O. BOX 999

CITY & STATE  PINCKNEYVILLE, IL. 62274

### NOTICE

Pursuant to Illinois Supreme Court Rule 651, as Amended and Adopted on January 25, 1996, and effective the same day to read as follows:

"You are hereby notified that on   JULY 22, 2008   the court entered an order, a copy of which is enclosed herewith. You may have a right to appeal. In the case of an appeal from a post-conviction proceeding involving a judgment imposing a sentence of death, the appeal is to the Illinois Supreme Court. In all other cases, the appeal is to the Illinois Appellate Court in the district in which the circuit court is located. If you are indigent, you have a right to a transcript of the record of the post-conviction proceedings and to the appointment of counsel on appeal, both without cost to you. To preserve your right to appeal you must file a notice of appeal in the trial court within 30 days from the date the order was entered."

Dorothy Brown
**Clerk of the Circuit Court**

(Rev. 6/11/92) CCCR 0084

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS       )
                                      )    INDICTMENT NO.  03CR13659-01
                                      )
                                      )    INDICTMENT FOR: _____
                   VS.                )
                                      )    _____
                                      )
                                      )
          ANTHONY BROWN               )

### CERTIFIED REPORT OF DISPOSITION

The following disposition was rendered before the Honorable Judge JAMES LINN

ON JULY 22, 2008 PRO SE POST-CONVICTION RELIEF IS DENIED.

I hereby certify that the foregoing has been entered of record on the above captioned case.

Date:   JULY 23, 2008

DOROTHY BROWN, Clerk of the Circuit Court

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CLERK'S OFFICE
## APPELLATE COURT FIRST DISTRICT
STATE OF ILLINOIS
160 NORTH LASALLE STREET, RM S1400
CHICAGO, ILLINOIS 60601

STEVEN M. RAVID
CLERK

October 31, 2008

Mr. Anthony Brown
Reg. No. N04231
P. O. Box 112
Joliet, IL 60434-0112

In Re:     08-2915

Dear Mr. Brown:

In response to your most recent inquiry, it appears that your letter crossed in the mail with the letter I sent you earlier this week advising that your Notice of Appeal was filed in the Circuit Court on August 4, 2008, and was docketed in the Appellate Court on October 27, 2008 as appeal number 08-2915.

At this time, no action has been taken in your appeal other than the filing of the Notice of Appeal. According to our records, you currently are not represented by counsel, and it is therefore your responsibility as the appellant to pay the $25 docketing fee or move to proceed as a poor person, complete and return a Docketing Statement (copy enclosed) along with your fee or motion to proceed as a poor person, and arrange with the Clerk of the Circuit Court and the Court Reporters to have the common law record and any transcripts bound and certified and filed in the Appellate Court. At this time, your record is past due, so you will need a motion for leave to file the record once it has been prepared.

All motions you submit to the Court seeking any type of relief must meet the following requirements.

### Rule 361(b)(1)
[A] motion, together with proof of service, shall be filed with the clerk. Service and filing will be excused only in case of necessity.

**Rule 361(b)(3)**

Motions, supporting papers, and responses filed... in the Appellate Court [shall consist of] an original and three copies.... A proposed order phrased in the alternative (e.g., "Allowed" or "Denied"] shall be submitted with each motion, and a copy served upon all counsel of record. A copy of the style of such orders may be obtained from the Clerk's Office. No motion shall be accepted by the clerk unless accompanied by such a proposed order.

Very truly yours,

Cindy F. Wile
Administrative Attorney

CFW/cb